JON M. SANDS
Federal Public Defender
District of Arizona
123 N. San Francisco Street, Suite 204
Flagstaff, AZ 86001
Telephone: (928) 213-1942
Fax: (928) 213-1946

Sarah K. Erlinder, State Bar # 027741
Asst. Federal Public Defender
Attorney for Defendant
Sarah_Erlinder@fd.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>　　　Plaintiff,<br><br>v.<br><br>Philip Alejandro Powers III<br>　　　Defendant | No.  21-04310MJ-001-PCT-CDB<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT 1** |

The defendant, Philip Alejandro Powers III, offers the following memorandum of points and authorities in support of his motion for a judgment of acquittal as to count 1 of the Information, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

The Government has failed to prove that Mr. Powers lit the Sycamore Fire in violation of 18 U.S.C. § 1856 is therefore pursuant to Rule 29 of the Federal

Rules of Criminal Procedure, the Court must enter a judgment of acquittal as to count 1 of the information.

Strict Liability offenses are an exception in our legal system. *Morissette v. United States*, 342 U.S. 246, 251-252 (1952).  The origin of this concept traces back to English common law, reflected in Sir William Blackstone's statement that to constitute a crime, there must be first "vicious will." *Id*. In the 20th century, the U.S. Supreme Court described the American legal system's concept of crime as "generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand." *Id*. The *Morissette* Court describes state codification of crimes, and notes that even if the statutes did not explicitly include criminal intent, courts assumed their omission indicated that intent was inherent in the idea of the offense. *Id.*

In fact, the Court further cautions that, "the spirit of the doctrine which denies to the federal judiciary power to create crimes forthrightly admonishes that we should not enlarge the reach of enacted crimes by constituting them from anything less than the incriminating components contemplated by the words used in the statute." Id. at 263. The *Morissette* Court also discusses the limited "public welfare" offenses that are appropriately construed as strict liability offenses, "many of these offenses are not in the nature of positive aggressions or invasions, with which the common law so often dealt, but are in the nature of neglect where the law requires care, or inaction where it imposes a duty." *Morissette v. United States*,

342 U.S. 246, 255 (1952).

The Ninth Circuit has squarely addressed the issue of *mens rea* relative to 18 U.S.C. §1856 and ruled it is not a strict liability offense. *U.S. v. Launder*, 743 F.2d 686 (1984).

Mr. Launder was camping with friends outside of Tucson. *Id*. at 688. Launder decided to go on a hike alone. *Id*. Unlike Mr. Powers, Launder set off with no food, water, or camping supplies about 1pm. *Id*. By 6pm he found himself in a very rough and unfamiliar area and elected to light a signal fire. *Id*. A gust of wind caused the fire to spread, Launder attempted to extinguish the spreading fire but could not. *Id*. Mr. Launder then ran approximately 1000 yards away.  *Id*. About twenty minutes later, Launder saw a helicopter and attempted to signal it by waving his shirt around. *Id*. He was unsuccessful and so he started a second fire at which time he was seen and rescued. *Id*.

In Mr. Launder's case, the Ninth Circuit reiterated the U.S. Supreme Court's holding in *Morissette*, strict liability crimes are an exception in the U.S. legal system and are restricted to crimes of "public welfare offenses." *Id*. 689. The Ninth Circuit looks to the plain language is 18 U.S.C. § 1856, concluding the language "permit" or "suffer," "clearly require[s] a willful act or a willful failure to act in the face of a clear opportunity to do so." *Id*. Further, that by including those terms, "Congress intended that a showing of criminal intent is required, irrespective of which clause of the statute is invoked in a particular case." *Id*. at 689-690.

In Mr. Launder's case, the Ninth Circuit concluded there was no evidence he willingly left the fire without extinguishing it, that he had the ability or power to stop the fire from spreading beyond his control, or that he had criminal intent at the time. *Id*. at 690.

In support of this conclusion, the court relies on the facts that Launder was lost, tired, and attempting to light a signal fire as a "last resort out of grave concern for his safety." *Id*. That he attempted to combat the fire and that he immediately confessed responsibility to the U.S. Forest Service and helped authorities put out his second fire. *Id*. These facts, the court holds, are inconsistent with Launder committing a willful act of leaving the fire without extinguishing it or permitting or suffering it to burn or spread beyond his control. *Id*. at 690-691.

Mr. Launder's experience and actions are strikingly similar to Mr. Powers's, separated by thirty-some years and much of the state of Arizona. Like *Launder*, in Powers's case requires the Government has produce evidence that Powers willfully left the Sycamore Fire without extinguishing it, willfully permitted or suffered allowing the fire to burn and spread, or willfully left and permitted or suffered the fire to burn unattended.  Or in the words of the Launder case, that Powers willfully he willingly left the fire without extinguishing it, that he had the ability or power to stop the fire from spreading beyond his control, or that he had criminal intent at the time.

The Ninth Circuit's conclusion and reasoning in Launder and requires a

judgment of acquittal as to Count 1 of the Information in Mr. Powers's case.

Respectfully submitted:  December 12, 2022.

JON M. SANDS
Federal Public Defender

_s/ Sarah K. Erlinder_
Sarah K. Erlinder
Asst. Federal Public Defender

Copy of the foregoing transmitted
by ECF for filing and served
on December 12, 2022, to:

Honorable Camille D. Bibles
United States Magistrate Court
123 N. San Francisco Street, Suite 200
Flagstaff, AZ 86001

Paul V. Stearns
Assistant United States Attorney
123 N. San Francisco Street, Suite 410
Flagstaff, AZ 86001

By hand:
Philip Alejandro Powers III, Defendant

_s/ AR_